UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHEDRICK BOWES-NORTHERN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:21CV88-PPS/JPK |
| | ) |
| SYDNEY SCOTT, STEPHEN SMITH and | ) |
| CHERYL SPENCER, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

For the second time in a week, Shedrick Bowes-Northern, proceeding without a

lawyer, has filed a complaint [DE 1] and a motion for leave to proceed *in forma pauperis*

(IFP) [DE 2].  Both cases were assigned to me.  As I explained in my recent opinion in

*Bowes-Northern v. Miller, et al.*, No. 2:21CV85-PPS/APR [DE 3], in order to adjudicate a

case, the court must be able to lawfully exercise jurisdiction over the parties and the

subject matter of the case. For the same reasons as explained in Bowes-Northern's

earlier case, I cannot exercise either in this case and, therefore, the motion to proceed *in*

*forma pauperis* is denied and this case must be dismissed.

The IFP statute is designed to ensure that indigent plaintiffs have meaningful

access to federal courts. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 342 (1948).

When granted, a plaintiff may proceed without paying fees and costs, provided the

plaintiff submits an affidavit attesting an inability to pay and the action is not frivolous,

malicious, or fails to state a claim upon which relief can be granted.  28 U.S.C. §

1

1915(e)(2)(B). This access is limited to a preliminary determination that the case has merit and the plaintiff is indigent. In addition, the court must have jurisdiction over the case. Federal diversity jurisdiction requires that no plaintiff to an action be from the same state as any defendant and the amount in controversy must be greater than $75,000. 28 U.S.C. § 1332.

One exception to diversity jurisdiction is the domestic relations exception. This exception prevents federal courts from considering state-court claims involving "divorce and alimony decrees and child custody orders." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)); *see also Jones v. Brennan*, 465 F.3d 304, 306 (7th Cir. 2006) ("[T]he domestic-relations exception . . . denies federal jurisdiction to grant a divorce or exercise the other characteristic powers of a domestic-relations court.").

This case involves Mr. Bowes-Northern's difficulties with defendant Sydney Scott, a different mother of different children than his complaint in the earlier case, but the allegations here raise the same jurisdictional bar for a case in federal court.  The complaint alleges that Scott "continues to disobey parentage court orders," and has moved to a different address without informing either him or the court.  [DE 1 at 2, 3.] Mr. Bowes-Northern is also concerned that his son has reported being touched by a family member in a sexual way.  [*Id*. at 3.]  He also makes allegations concerning disputes with defendants Stephen Smith and Cheryl Spencer, who appear to share a household with Scott, or at least often to be present there with Mr. Bowes-Northern's children.  [*Id*. at 2-3.]

Based on these allegations, Mr. Bowes-Northern seeks relief that clearly shows the applicability of the domestic relations exception.  He asks that Sydney Scott be placed on a "GPS parentage monitor" and be found "in contempt for disobeying court orders."  [*Id*.]  He also asks for custody of the children, and for Scott and Smith to "pay for counseling for me and the children I share with Sydney Scott."  [*Id*.]  All of these grievances and requests for relief need to be addressed to the Cook County judge overseeing the child custody case between Mr. Bowes-Northern and Scott. Dissatisfaction with that court's handling of the case is subject to processes for appeal within the state courts of Illinois rather than to this federal court.

The complaint also contains allegations involving Chicago police who became involved when Stephen Smith initiated a complaint against Mr. Bowes-Northern and he was arrested.  Whether or not there might be federal jurisdiction over claims against those police officers, they are not named as defendants in this lawsuit.  So those allegations do not impact my jurisdictional analysis.

As I expressed in his earlier case, I sympathize with Mr. Bowes-Northern, and I appreciate his concern for the safety and well-being of his children. Unfortunately, I have no jurisdiction in this matter because the domestic relations exception applies here.  If Mr. Bowes-Northern believes that he has claims over which this court has jurisdiction, he must initiate a new federal action by filing a complaint that complies with Rule 8 of the Federal Rules of Civil Procedure.

ACCORDINGLY:

Mr. Bowes-Northern's motion to proceed *in forma pauperis* [DE 2] is **DENIED** and this case is **DISMISSED WITHOUT PREJUDICE**. This case is now closed.

**SO ORDERED on March 11, 2021.**

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT